DYSART, J.,
dissents, with reasons.
hi respectfully dissent because I disagree with the majority’s finding that the Doyle violations warrant a reversal and new trial.
The evidence at trial presented the jury with the choice of either accepting the testimony of the defendant, that is, he acted in self-defense and responded instinctively when the victim produced a weapon, or the testimony of the two witnesses who testified that the victim was unarmed and was shot without provocation.
While I understand that the improper questioning of the defendant may have influenced the jury’s consideration of his credibility, the overwhelming physical evidence renders the improper questioning harmless.
The evidence reveals that the defendant fired his weapon nine times, making the defendant’s self-defense argument specious at best, especially in light of his testimony that he was not sure if the victim had fired his weapon. Additionally, the fact that the defendant fled the scene could have caused the jury to question his claim of self-defense.
Pictures of the crime scene introduced at trial indicated that the defendant began shooting the victim at close range, continued to move closer while shooting, |2and finally stood over him emptying his pistol. The testimony of both witnesses corroborated what the physical evidence depicted.
The autopsy results revealed many of the entry wounds on the victim were cause by bullets striking the ground, fragmenting, and then striking the victim. This evidence directly contravenes the defendant’s testimony that he shot the victim as he was facing him.
Without the physical evidence, one could surmise that the jury was tainted by the State’s improper questioning, which could have caused the jury to discredit the defendant’s testimony. However, the physical evidence fully supported the testimony of the two witnesses on the scene.
Thus, I cannot find that the State’s improper questioning concerning the defendant’s post-arrest silence had an adverse *933 effect on the outcome of the trial. I would affirm the conviction and sentence.